Pennington, J.
— I concur in the reversal of this [*] judgment. The action is an action on the case, and so stated on the record of the justice. The state of demand, both in form and substance, is in trespass. The course of decisions in this court, hath been to consider this error. This is not merely a variance between the writ and declaration, but *229 between one part of the record and another. It is best to adhere to one uniform course of practice.
Elmer, for plaintiff.
Judgment reversed.
[The Beporter was strongly impressed with the force of Judge Bossedl’s opinions and observations in this case, as well at the time of delivering of it, as since; but on reflection he is still of opinion, that the course of the court is the safest practice. First the suitors in [178] the justice’s court, forty-nine out of fifty, do not understand the nature of a plea in abatement ; and would not know when or how to plead it. Second, suppose the plaintiff should bring an action of trespass, in which action a set-off cannot be gone into ; and when he should come before the justice on the return of the summons, was to declare in debt on simple contract; or what is tho same thing, deliver to the justice an account against the defendant. The defendant coming before the justice, expecting to be put to answer a trespass, not being prepared to plead payment, and deliver to the justice an account, or other matter or set-off, as the act of Assembly requires to be done at that time, would be deprived of his set off, by this trick of the plaintiff, without any remedy ]
Cited is Sayres v. Inhab. of Springfield, 3 Halst. 166.